Van Brunt, P. J.
When this case was before the court, upon a previous practice appeal, an endeavor was made to define, with reasonable clearness, the steps necessary to be taken in order to perfect judgment after a demurrer to a complaint had been overruled.
It was held that the order entered upon the overruling of the demurrer did not authorize the entry of the interlocutory judgment complained of, or any definite interlocutory judgment, and that such judgment must be set aside because of the defects in the order overruling the demurrer.
These defects the court which originally made the order had power to supply, and it proceeded to correct the errors by a resettlement of the order upon notice to the defendant.
*293 This was necessary to render the decision upon the demurrer effective.
Simply because the court erred in the form of the order entered upon the overriding of the demurrer, it was not deprived of the power to cause to be entered an order in proper form.
This was all the court attempted to do, of which the defendant had due notice.
It would appear from the record that the whole course of the defense, in reference to this question of practice, has been to afford the court as little assistance as possible and get all the delay possible, by objection, and to give no assistance by suggestion.
The order entered seems to comply with the suggestions made upon the former appeal, and is definite and. certain as to the obligations of this defendant thereunder, which is all that she can ask.
The order appealed from should be affirmed, with ten dollars costs and disbursements.
Brady and Daniels, JJ., concur.